**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | Cr. ID Nos. | 1208019679 |
| | ) | | 1207022710 |
| | ) | | 1201009204 |
| FRANKIE GALINDEZ, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

Submitted: March 14, 2016
Decided: April 18, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF AND/OR
MOTION FOR MODIFICATION OF SENTENCE
SHOULD BE SUMMARILY DISMISSED.**

Barzilai K. Azelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Frankie Galindez, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 18th day of April 2016, upon consideration of Defendant's Motion for Postconviction Relief and/or Motion for Modification of Sentence, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 14, 2013, Defendant Frankie Galindez resolved three pending cases by pleading guilty to three charges, one in each case. Specifically, Defendant pled guilty to: 1) Robbery Second Degree in Criminal Action No. 1207022710, which was a lesser included offense of the charge of Robbery First Degree; 2) Burglary Third Degree in Criminal Action No. 1201009204; and 3) Conspiracy Second Degree in Criminal Action No. 1208019679.[1]

2. As part of the plea agreement, the State agreed to dismiss all of the remaining charges. Also as part of the plea agreement, the parties agreed to a joint recommendation of 10 years of unsuspended Level V time. Defendant was eligible to be sentenced as a habitual offender, pursuant to 11 *Del. C.* § 4214(a). The parties agreed that the State would only seek habitual offender sentencing on the Robbery Second Degree charge.[2]

3. After the entry of the plea, Defendant was immediately sentenced to 10 years of unsuspended Level V time followed by decreasing levels of probation.

4. The plea agreement provided that the plea offer would expire if not accepted by January 7, 2013. As counsel jointly represented to the court at the plea colloquy, the plea was accepted by January 7th, but could not be entered on the record because Defendant

---

[1] Plea Agreement dated January 7, 2013.
[2] Plea Agreement dated January 7, 2013.

was not transported.[3]  Indeed, the docket reflects that on January 8, 2013 and again on January 10, 2013, the plea hearing had to be continued because Defendant was not transported.[4]  On January 14, 2013, Defendant was finally transported and the plea entered.[5]

5.      Defendant did not file a direct appeal to the Delaware Supreme Court.

6.      On March 26, 2013, Defendant filed a Motion for Sentence Reduction in Criminal Action No. 1201009204.[6]  By Order dated April 5, 2013, the Superior Court denied the motion on the basis that the sentence imposed was appropriate for the reasons stated at the time of sentencing and that no additional information was provided which would warrant a reduction or modification of the sentence.[7]

7.      On December 21, 2015, Defendant filed the subject motion.  The motion was captioned "Motion for Modification of Sentence", but the body of the motion contains assertions of errors, deficiencies and misconduct associated with the plea.  The relief that Defendant seeks as a result of such alleged deficiencies is to be re-sentenced or have a court-appointed attorney "pursue an effective investigation."[8]

---

[3] January 14, 2013 Plea Transcript:  ("I guess I just want to tie up one loose end.  The plea agreement indicates that the plea expires if not accepted by January the 7th.  He did accept that.  He just had trouble get[ting] transported.")
[4] Criminal Action No. 1208019679-Superior Court Docket No. 6;
Criminal Action No. 1207022710-Superior Court Docket Nos. 12 & 13;
Criminal Action No. 1201009204-Superior Court Docket Nos. 33 & 34.
[5] January 14, 2013 Plea Transcript;
[6] Criminal Action No. 1201009204- Superior Court Docket No. 38.
[7] Criminal Action No. 1201009204- Superior Court Docket No. 39.
[8] See, Criminal Action No. 1208019679-Superior Court Docket No. 13;
Criminal Action No. 1207022710-Superior Court Docket No. 24;
Criminal Action No. 1201009204-Superior Court Docket No. 40.

8.     Although the subject motion was couched as a Motion for Modification of Sentence, given the allegations raised therein, it was determined that the motion should be treated as a Superior Court Criminal Rule 61 Motion for Postconviction Relief.[9]

9.     The motion was thereafter assigned to the undersigned commissioner to be decided as a Rule 61 motion.

10.    For the reasons discussed below, whether this motion is decided under Rule 35, as a motion for modification of sentence, or under Rule 61, the result would not differ.  The motion should be denied.

**DEFENDANT'S RULE 61 MOTION**

11.    Defendant was sentenced on January 14, 2013.  The subject motion was filed on December 21, 2015,  almost two years later.

12.    The claims raised in the subject motion are procedurally barred, waived and without merit.

### A)     Defendant's Motion is Procedurally Barred

13.    Prior to addressing the substantive merits of any claim for postconviction relief, the court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[10]  If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the postconviction claim.[11]

14.    Rule 61 (i) imposes four procedural imperatives:  (1) the motion must be filed within one year of a final order of conviction;[12] (2) any basis for relief must be asserted

---

[9] Criminal Action No. 1208019679-Superior Court Docket No. 13;
Criminal Action No. 1207022710-Superior Court Docket No. 24;
Criminal Action No. 1201009204-Superior Court Docket No. 40.
[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] If a final order of conviction occurred on or after July 1, 2005, the motion must be filed within one year. See, Super.Ct.Crim.R. 61(i)(1)(July 1, 2005).

3

in the first timely filed motion for postconviction relief absent exceptional circumstances warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[13]

15.      Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a final judgment of conviction.  In this case, Defendant was sentenced on January 14, 2013, and did not file a direct appeal.  The motion, filed on December 21, 2015, was filed over one year after the final judgment of conviction and is procedurally barred as untimely.

16.      Moreover, in addition to being untimely, Rule 61(i)(3) required that Defendant raise his claims, with the exception of his ineffective assistance of counsel contentions, on direct appeal.[14] Defendant's ineffective assistance of counsel claims are not procedurally barred by Rule 61(i)(3) because a Rule 61 motion is the appropriate vehicle for raising these claims.[15]  (Defendant's ineffective assistance of counsel claims, as well as all his other claims, are all procedurally barred as untimely.)

17.      As to the claims at issue involving alleged errors, discrepancies, or wrongdoing by the court or the State, these claims are procedurally barred by Rule 61(i)(3), for

---

[13]  Super.Ct.Crim.R. 61 (effective June 4, 2014).

[14] See, *Malin v. State,* 2009 WL 537060, at *5 (Del.Super. 2009); *Desmond v. State,* 654 A.2d 821, 829 (Del. 1994).

[15] *Id.*

4

Defendant's failure to raise them on direct appeal. All of Defendant's claims were known to him at the time he accepted the plea since they involve alleged improprieties at the pre-trial and plea stage. Therefore, there is no justifiable reason for Defendant's failure to raise these issues in a direct appeal if Defendant genuinely believed the claims had any merit.

18.     If a procedural bar exists, the court will not consider the merits of the claims unless the defendant can show that an exception found in Rule 61(i)(5) applies. Rule 61(i)(5) provides that consideration of an otherwise procedurally barred claim is limited to claims that the court lacked jurisdiction, or to claims that new evidence exists that creates a strong inference that the defendant is actually innocent of the underlying charges for which he was convicted; or to claims that a new rule of constitutional law applicable to that defendant's case would render his conviction invalid.[16]

19.     In the subject motion, all of the claims raised in Defendant's Rule 61 motion are procedurally barred as untimely, and most of the claims are also procedurally barred for Defendant's failure to raise the claims on direct appeal. Defendant is unable to overcome the procedural hurdles by showing an exception in Rule 61(i)(5) applies. Defendant has not established that the court lacked jurisdiction, that any new evidence existed to create a strong inference that Defendant is actually innocent of the underlying charges, or that a new rule of constitutional law exists that would render his conviction invalid. Defendant's motion is procedurally barred.

---

[16] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).

## B) Defendant Waived His Claims Upon Entry of His Plea

20. In addition to Defendant's claims being procedurally barred, Defendant's claims were also waived upon the entry of Defendant's guilty plea.

21. Although Defendant now claims that his plea was somehow defective and was not informed due to his counsel's ineffectiveness, Defendant's claims are belied by the representations he made at the time he accepted his plea, admitted his guilt, and was sentenced.

22. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[17] In this case, the Truth-in-Sentencing Guilty Plea Form, Plea Agreement and plea colloquy reveal that Defendant knowingly, voluntarily and intelligently entered a guilty plea to the charges for which he was sentenced.[18]

23. At the plea colloquy, Defendant represented to the court that he had read and understood the truth-in-sentencing guilty plea form and the plea agreement, and that he had reviewed them with his counsel. He further represented that he understand that he would be sentenced as a habitual offender on the robbery second charge.[19] Defendant was asked whether he had any questions about the truth-in-sentencing guilty plea form, the plea agreement, or any other aspect of the plea. Defendant represented to the court that he did not have any questions.[20]

---

[17] *State v. Harden,* 1998 WL 735879, *5 (Del. Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. 2008).

[18] January 14, 2013 Plea Transcript; January 7, 2013 Plea Agreement; January 14, 2013 Truth-In-Sentencing Guilty Plea Form.

[19] January 14, 2013 Plea Transcript.

[20] *Id.*

6

24.     Defendant represented to the court that nobody was forcing him to enter his plea. Defendant represented that he was freely and voluntarily pleading guilty to the charges listed in the plea agreement.  Defendant represented that he was not being threatened or forced to do so by his attorney, by the State, or by anyone else.[21]   Defendant also represented that he had "fully discussed" the matter with his attorney and was satisfied with his counsel's representation.[22]

25.     Defendant admitted his guilt for all three charges for which he pled guilty.[23]  Only after finding that Defendant's plea was entered into knowingly, intelligently and voluntarily, did the court accept the plea.[24]

26.     Defendant has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-In Sentencing Guilty Plea Form. Any claim that Defendant's plea was somehow defective, coerced, not informed, or otherwise improper is without merit.

27.     Since Defendant's plea was entered into voluntarily, intelligently and knowingly, Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[25]  All of Defendant's claims presented herein, including those alleging ineffective assistance of counsel, stem from allegations of defects, errors, misconduct and deficiencies which existed at the time of the entry of the plea.  All of Defendant's claims were waived when he knowingly, freely and intelligently entered his plea.[26]

---

[21] January 14, 2013 Plea Transcript; Truth-In-Sentencing Guilty Plea Form dated January 14, 2013.
[22] January 14, 2013 Plea Transcript; Truth-In Sentencing Guilty Plea Form dated January 14, 2013.
[23] January 14, 2013  Plea Transcript
[24] January 14, 2013  Plea Transcript.
[25] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[26] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.)

### C) Defendant's Claims Are Without Merit

28.     In addition to Defendant's claims being procedurally barred and waived, Defendant's claims are also without merit.

29.     Defendant makes much of the language on the Plea Agreement that the plea would expire if not accepted by January 7, 2013.[27] Defendant appears to want to keep some aspects of the plea agreement in tack, but wants to disregard other aspects of the plea, as a result of the "expired" plea. As counsel jointly represented to the court at the plea colloquy, the plea was accepted by January 7th, but could not be entered on the record because Defendant was not transported.[28] Indeed, the docket reflects that on January 8, 2013 and again on January 10, 2013, the plea hearing had to be continued because Defendant was not transported.[29] On January 14, 2013, Defendant was finally transported and the plea entered. The parties jointly represented that the plea had been timely accepted.

30.     Moreover, as a practical matter, if both parties, the State and the defendant, were willing to move forward with the acceptance of the plea after a deadline imposed for acceptance had expired, then even if the deadline was not explicitly extended it was implicitly extended by the actions of both parties.

31.     Also as a practical matter, Defendant does not have the luxury of picking and choosing the parts of the plea agreement he wants to remain in tack, and those aspects (the sentencing aspects) that he wants to set aside. The plea agreement, with all its parts,

---

[27] See, January 7, 2013 Plea Agreement.

[28] January 14, 2013 Plea Transcript: ("I guess I just want to tie up one loose end. The plea agreement indicates that the plea expires if not accepted by January the 7th. He did accept that. He just had trouble get[ting] transported.")

[29] Criminal Action No. 1208019679-Superior Court Docket No. 6;
Criminal Action No. 1207022710-Superior Court Docket Nos. 12 & 13;
Criminal Action No. 1201009204-Superior Court Docket Nos. 33 & 34.

is the plea agreement. If the plea agreement was to be set aside, it would be set aside in its entirety. All the charges that were dismissed as part of the plea agreement would be reinstated, and Defendant would again be habitual eligible for sentencing on several of the charges, facing up to a life sentence on each of those charges, if convicted at trial.

32. The plea agreement was accepted. There are no improprieties which exist that would warrant setting the plea aside. Defendant's contentions that the sentence was illegal because the plea had expired or that the plea agreement was otherwise invalid are without merit.

33. Defendant's contention that the sentence imposed exceeded guidelines or procedures for sentencing habitual offenders, pursuant to 11 *Del. C.* § 4214(a), is also without merit. The plea agreement provided that both parties would jointly recommend a 10 year sentence of unsuspended Level V time. The parties also agreed that Defendant would be sentenced as a habitual offender only on the robbery second degree charge. The court could have sentenced Defendant up to life imprisonment as a habitual offender, but instead, followed the parties' joint recommendation and sentenced Defendant to 10 years of unsuspended Level V time.

34. Defendant was eligible to be sentenced as a habitual offender on several of the pending charges. If convicted at trial, Defendant could have been facing up a sentence of up to life imprisonment on each charge in which he was habitual eligible. Defendant's decision to accept the plea offer with a joint recommendation of 10 years of unsuspended Level V time represented a rational choice given the pending charges and the potential sentences he was facing if convicted at trial.

9

35.     As discussed above, Defendant's guilty plea was knowingly, voluntarily and intelligently entered. Any claim that the plea was coerced, or that he was not fully informed, or that he somehow did not understand the consequences of entering into the plea is belied by Defendant's representations at the time of the plea, and is without merit. Any such claims were waived when Defendant accepted the plea offer. Defendant's claims are procedurally barred, waived and without merit.

**D)     Even if the Subject Motion was Decided as a Rule 35 Motion for Modification of Sentence, It Would Likewise Be Denied.**

36.     If the subject motion had been decided under Superior Court Criminal Rule 35 as a motion for modification/reduction of sentence, the motion would likewise be denied. The sentence imposed in this case was pursuant a plea agreement between the State and the Defendant.   The parties agreed to jointly recommend a 10 year sentence of unsuspended Level V time, the parties made the joint recommendation, and the court accepted the joint recommendation and imposed that sentence.

37.     The motion was filed more than 90 days after the imposition of the sentence and it is, therefore, time-barred.  The court does not find the existence of any extraordinary circumstances that would warrant the relaxation of the 90 day time period for the filing of the Rule 35 motion.

38.     Finally, the sentence imposed was appropriate for all the reasons stated at the time of sentence.  There was no additional information provided to the court which would warrant a reduction or modification of the sentence.

10

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief and/or Motion for Modification of Sentence should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc:     Prothonotary
        Kevin P. Tray, Esquire